J. S82028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :             PENNSYLVANIA
    :
                v.     :
    :
DAVID HUGGINS, JR.,     :
    :
          Appellant     :     No. 945 MDA 2016

Appeal from the PCRA Order May 4, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0000181-2010

BEFORE: OTT, DUBOW, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:            **FILED JANUARY 12, 2017**

Appellant, David Huggins, Jr., appeals from the Order entered in the Lancaster County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and, thus, this Court lacks jurisdiction to review the Petition.

On April 19, 2011, a jury convicted Appellant of Corrupt Organizations, Criminal Conspiracy, Criminal Use of a Communication Facility, and four counts of Possession with Intent to Deliver a Controlled Substance.[1] On August 4, 2011, the trial court sentenced Appellant to an aggregate term of

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 911, 903, 7512, and 35 P.S. § 780–113(a)(30), respectively.

9½ to 19 years' incarceration. The trial court imposed three mandatory minimum sentences pursuant to 18 Pa.C.S. § 7508(a)(3)(ii). **See** N.T. Sentencing, 8/4/2011, at 33-34; PCRA Court Opinion, dated 5/4/16, at 6 n.6; Jury Verdict Sheet, dated 4/19/11, at 1-3.

This Court affirmed the Judgment of Sentence on May 7, 2013, and our Supreme Court denied allowance of appeal on November 19, 2013. **Commonwealth v. Huggins**, 68 A.3d 962 (Pa. Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013). Appellant did not seek review by the U.S. Supreme Court. Appellant's Judgment of Sentence, therefore, became final on February 17, 2014. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

Appellant filed the instant *pro se* PCRA Petition, his first, on November 5, 2015, raising an **Alleyne** claim.[2] The PCRA court appointed counsel, and counsel filed a Motion to Withdraw pursuant to **Turner/Finley**.[3]

On March 14, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition. Appellant filed a response on April 4, 2016, repeating his illegal sentencing claim. On May 4, 2016, the PCRA court dismissed Appellant's Petition without a hearing,

---

[2] **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013), held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Id**., 133 S.Ct. at 2160-61.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

concluding it lacked jurisdiction to consider Appellant's underlying claim because the Petition was untimely and Appellant had failed to plead and prove any one of the timeliness exceptions provided in 42 Pa.C.S.§ 9545(b)(1).

Appellant filed a timely Notice of Appeal. The PCRA court filed a Pa.R.A.P. 1925(a) Opinion, but did not order Appellant to file a Rule 1925(b) Statement.

Appellant presents three issues for our review:

1) Whether the case of [**Alleyne v. United States**, 133 S.Ct 2151 (U.S. 2013),] can be applied to the Appellant's case based on recent court decisions?

2) Whether the Appellant is serving an illegal sentence?

3) Whether [Appellant] was denied his Sixth Amendment to the U.S. Constitution [and] his constitutionally guaranteed right to due process[?]

Appellant's Brief at 5 (capitalization omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on February 17, 2014, upon expiration of the time to file a Petition for Writ of *Certiorari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. In order to be timely, Appellant needed to submit his PCRA Petition by February 17, 2015. Appellant filed this PCRA Petition on November 5, 2015, well after the one-year deadline. The PCRA court

properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 5/4/16, at 7-8.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii) in his challenge to the legality of his sentence by relying on

***Alleyne***, ***supra***. As long as this Court has jurisdiction over the matter, a

legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. ***See*** 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); ***Commonwealth v. Riggle***, 119 A.3d 1058, 1064-67 (Pa. Super. 2015); ***Commonwealth v. Miller***, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in ***Alleyne*** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition); ***Commonwealth v. Ruiz***, 131 A.3d 54, 56 (Pa. Super. 2015) (remanding for resentencing without mandatory minimum where defendant was sentenced 12 days before ***Alleyne***, his judgment of sentence was not final on the date ***Alleyne*** was decided, and the defendant filed a timely PCRA Petition over which this Court had jurisdiction).

The United States Supreme Court decided ***Alleyne*** on June 17, 2013. Appellant's direct appeal was pending at that time. Although he could have raised ***Alleyne*** in a timely PCRA petition because his appeal was pending when ***Alleyne*** was decided, he did not. Rather, he raised the claim nine months after the PCRA's one-year deadline had passed.

Our Supreme Court has recently reiterated that **Alleyne** does not apply retroactively on post-conviction collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. **See** PCRA Court Opinion, dated 5/4/16, at 9-10. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017